# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**PIGGLY WIGGLY MIDWEST LLC,**
    Plaintiff,

  v.              Case No. 11-CV-00604

**UNITED FOOD AND COMMERCIAL**
**WORKERS LOCAL 1473,**
    Defendant.

---

## DECISION AND ORDER

  Plaintiff Piggly Wiggly Midwest LLC asks me to vacate in part an arbitrator's award interpreting a collective bargaining agreement ("CBA"), and defendant United Food and Commercial Workers Local 1473 seeks to enforce the same award. I have jurisdiction to review an arbitration award based on a CBA under Section 301 of the Labor Management Relations Act. Textile Workers Union of Am. v. Lincoln Mills of Ala., 353 U.S. 448, 450–51 (1957). However, the scope of judicial review of arbitration awards is extremely narrow. A court may decide if the dispute is substantively arbitrable. AT&T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 649 (1986). If it is, the arbitrator must decide the merits of the dispute including questions of procedural arbitrability. John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 557 (1964). An example of a question of procedural arbitrability is whether a grievance procedure that is a prerequisite to arbitration was properly followed. Id. A court may also conduct a limited review of the merits of an arbitration award but can overturn it only if the arbitrator clearly exceeded his authority such that the award does not "draw its essence" from the CBA. United Steelworkers of Am. v.

Enterprise Wheel & Car Corp., 363 U.S. 593, 597 (1960). An award draws its essence from the CBA as long as it "can be rationally derived from some plausible theory of the general framework or intent of the agreement." Ethyl Corp. v. United Steelworkers of Am., AFL-CIO-CCC, 768 F.2d 180, 186 (7th Cir. 1985).

In the present case, the CBA provides a grievance procedure and prohibits a grievance from being "discussed or considered in arbitration" if that procedure is not followed. (Pl.'s Mem. of Law in Supp. of Pl.'s Mot. to Vacate the Arbitration Award Ex. A, Art. 7.1.2(e).) The procedure first calls for the parties to meet informally. (Id., Art. 7.1.1.) If the meeting fails to resolve the dispute, a party may submit a written grievance, which triggers a duty to mediate and, if necessary, to participate in binding arbitration. (Id., Art. 7.1.2.) If the dispute goes to arbitration, the arbitrator may "interpret and apply" the CBA to the grievance but may not "add to, subtract from, or modify [it]." (Id., Art 7.1.2(d)(ii).)

On September 23, 2010, defendant sent a letter to plaintiff stating, "We are grieving the company's failure to pay Patrice Swenson . . . her $500.00 bonus . . . ." Noting that mediation had been unsuccessful, the letter requested that the matter proceed to arbitration. At the arbitration hearing, defendant raised for the first time the question of whether Swenson had received a wage increase to which she was arguably entitled ("the wage issue"). The arbitrator concluded that, although the wage issue was substantively arbitrable, it was not properly before him because defendant had not mentioned it in the grievance letter. He ordered the parties to meet informally to attempt to resolve it. Plaintiff argues that the arbitrator exceeded his authority under the CBA by allowing defendant to discuss the wage issue and by ordering the parties to meet to discuss it.

I conclude, first, that the arbitrator was authorized to allow the defendant to discuss

the wage issue. The language of Article 7.1.2(e) of the CBA prohibiting discussion or consideration of a matter that has not been properly grieved cannot be reasonably read as barring an arbitrator from addressing whether the issue was properly grieved. The question of whether the issue was properly grieved is one of procedural arbitrability, and this type of question is reserved for the arbitrator because it is frequently intertwined with the merits of the dispute. Article 7.1.2(e) is properly read as only barring an arbitrator from considering the merits of an issue that was not properly grieved.

I also conclude that the CBA authorized the arbitrator to order the parties to meet informally to discuss the wage issue. As previously stated, a court must uphold an arbitrator's order if the authority to issue the order can be rationally derived from some plausible theory of the general framework or intent of the agreement. In the present case, the CBA authorized the arbitrator to interpret and apply the CBA to the grievance at issue, the wage issue. It is surely plausible that the arbitrator's authority to apply the contract to the grievance impliedly authorized him to order the parties to take the first step in the grievance procedure by meeting informally to discuss the issue. Thus, the arbitrator did not clearly exceed his authority.

**THEREFORE, IT IS ORDERED** that plaintiff's motion to vacate the award is **DENIED**, and defendant's motion to enforce the award is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 20th day of October 2011.

s/_____
LYNN ADELMAN
District Judge

3

Case 2:11-cv-00604-LA   Filed 10/20/11   Page 3 of 3   Document 15